UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GILBERT J.,[1]

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,[2]

Defendant.

Case No.: 25-CV-01072-BJW

**ORDER AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY**

Plaintiff Gilbert J. filed a complaint in this case on April 28, 2026, seeking review the decision of the Commissioner of Social Security. ECF No. 1. Having considered the record before the Court and the parties' arguments, the Court **AFFIRMS** the Commissioner's decision.

[1] In accordance with Civil Local Rule 7.1(e)(6)(b), the Court uses first names and last initials to refer to non-government parties.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Frank Bisignano, the current Commissioner of Social Security, is substituted in for the former Acting Commissioner as Defendant.

# I. BACKGROUND

## A. Procedural History

This complaint follows an extensive procedural history. Plaintiff initially filed a Title II application for Social Security Disability Insurance on May 27, 2014. AR 328–40. Following the denial of that claim, ALJ Jay Levine conducted a hearing on June 12, 2017. AR 74–97. ALJ Levine issued a decision denying benefits on October 3, 2017. AR 128–47. The Appeals Council remanded after its review, and ALJ Levine held another hearing on October 7, 2019. AR 53–73. He issued a second decision November 20, 2019. AR 33–52. The Appeals Council denied review after that second decision on May 21, 2021. AR 1–6.

Then, Plaintiff filed a complaint seeking review in this District on July 16, 2021. *Gilbert J. v. Kijakazi*, 21-CV-01284-NLS, ECF No. 1. Magistrate Judge Nita L. Stormes presided over Plaintiff's initial complaint seeking review and issued a 32-page order on August 15, 2022, granting in part and denying in part the cross motions for summary judgment and remanding the matter for further proceedings. AR 4410–41; *Gilbert J. v. Kijakazi*, 21-CV-01284-NLS, ECF No. 17 (S.D. Cal. Aug. 15, 2022) ("Stormes Order"). Judge Stormes ordered the following:

> *The ALJ carefully reviewed Plaintiff's disability claim, held two hearings, and conducted a thorough review of the record. Nevertheless, he erred by making a single disability determination for the entire five-year period of the claim without considering whether Plaintiff was disabled by his right hand/arm limitations during an earlier period and finding certain of Plaintiff's doctors' opinions unreliable for this reason. This error affected the ALJ's final conclusions as to Plaintiff's RFC. Therefore, the Court REMANDS to the ALJ to determine whether Plaintiff is entitled to disability during a discrete time while he was being treated for and received surgery on his elbow. The Court finds no other error based on the issues raised in Plaintiff's motion. For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's motion for summary judgment, GRANTS Plaintiff's motion to remand, and GRANTS IN PART AND DENIES IN PART Defendant's motion*

> *for summary judgment. The case is remanded for further proceedings consistent with this Order.*

AR 4440–41 (Stormes Order).

The remanded matter was assigned to ALJ Kevin Messer, who held a hearing on September 1, 2023. AR 4144–71. ALJ Messer then issued a decision on November 14, 2023, finding Plaintiff disabled and awarding him benefits during the period of April 27, 2012 to July 9, 2013. AR 4117–43. On February 28, 2025, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner of Social Security. AR 4105–11; 42 U.S.C. § 405(h). The complaint seeking review of that decision timely followed. ECF No. 1; 42 U.S.C. § 405(g).

**B. Summary of ALJ's Decision**

Under the Social Security Act, "disability" broadly means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d). When an individual files a claim for disability insurance benefits based on a claimed disability, the Social Security Administration makes a determination of whether the individual is disabled by following a five-step sequential process. 20 C.F.R. § 404.1520. If, at any step, the ALJ finds that the claimant is not disabled, that decision will control and the evaluation will not proceed to the subsequent step. *See id.*

The first step asks whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Every year, the Social Security Administration sets the minimum monthly amount that a claimant must earn for his or her job to constitute "substantial gainful activity."[3] A finding that the claimant is engaged in such activity will result in a finding of not disabled. *Id.* The second step requires consideration of the severity

---

[3] *See Substantial Gainful Activity*, SSA, https://www.ssa.gov/oact/cola/sga.html.

of the claimant's impairments. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does not have a "severe medically determinable physical or mental impairment, or a combination of impairments," that meets the duration requirements, they will not be considered disabled. *Id.* The third step also requires consideration of the severity of impairments but asks whether they meet or equal certain listed impairments in Appendix 1 to the subpart of the relevant section of the Code of Federal Regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If one of the claimant's impairments meets a listed impairment, the claimant *must* be found to be disabled. *Id.* The fourth step initially requires a determination of the claimant's "residual functional capacity" considering his or her impairments, then evaluates whether the claimant can still perform his or her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). The fifth and final step requires again considering the claimants "residual functional capacity," along with his or her age, education, and work experience, to determine if the claimant could "make an adjustment to other work." 20 C.F.R. § 404.1520(a)(4)(v). If the claimant could make an adjustment to other work, the ALJ will not find the claimant disabled. *Id.*

A brief summary of the ALJ's conclusions from the five-step process with respect to the period from April 27, 2012 to July 9, 2013, is set forth here. At step one, the ALJ found that Plaintiff *had* engaged in substantial gainful activity since April 27, 2021. AR 4121. However, Plaintiff's earnings during the earlier period at issue here did not cross the threshold of substantial gainful activity. *Id.* The period at issue is the period from July 9, 2013 to Plaintiff's last insured date of September 30, 2016. AR 4121. The last insured date marks the latest point that Plaintiff could be determined to have a continuing or new disability. *See Matthew F. v. Kijakazi*, No. 21-CV-00187-SLG, 2022 WL 2236342, at *4 n.44 (D. Alaska June 22, 2022) (citation omitted). The ALJ found the amounts earned during the relevant period below that threshold. AR 4121. While Plaintiff had engaged in substantial gainful activity in 2021, because there was a period of 12 months during which he did not work before that, a requirement for a possible disability determination, the sequential analysis continued. *Id.*; *see* 20 C.F.R. § 404.1505(a).

At step two, the ALJ found that Plaintiff suffered from the following severe impairments during the period of April 27, 2012 through July 9, 2013: "multilevel degenerative disc disease of the lumbar spine; right shoulder impingement status-post surgery; and right elbow impingement status-post right elbow lateral epicondyle surgery[.]" AR 4121. The ALJ also determined that Plaintiff's "medically determinable mental impairment of depressive [disorder] did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and was therefore nonsevere." *Id.*

At step three, the ALJ considered whether Plaintiff's severe impairments met any of the listed impairments in Appendix 1 to the subpart of the relevant regulation. AR 4123. The ALJ evaluated whether Plaintiff's impairments met Listings 1.15, 1.16, and 1.18. AR 4123–24; *see* 20 C.F.R. Part 404, Subpart P, Appendix 1. He did not find that Plaintiff's impairments met any of these listings. AR 4123–24.

At step four, the ALJ considered Plaintiff's residual functional capacity for the same period of April 27, 2012 through July 9, 2013. AR 4124. He found that Plaintiff "had the residual functional capacity to perform light work . . . except that the claimant is further limited to frequent climbing . . . frequent balancing . . . occasional handling and fingering . . . [, and he] must avoid concentrated exposure to hazards[.]" *Id.* Applying this residual functional capacity, the ALJ determined that Plaintiff was unable to perform any past relevant work. AR 4127.

At step five, the ALJ considered Plaintiff's age, education, and work experience, with his residual functional capacity, and concluded that there were no other jobs that existed in significant numbers in the national economy that Plaintiff could have performed. *Id.* Because of these determinations at each step, the ALJ concluded that Plaintiff was disabled during the period at issue. *See* AR 4128.

If the claimant is already receiving benefits, an eight-step process determines whether his or her disability remains, and whether benefits should continue. *See* 20 C.F.R. 1594(f)(1)–(8). The first step asks whether the claimant is performing substantial gainful

activity, and if the claimant is, he or she is no longer disabled. *Id.* The second step again asks whether the claimant's disability meets a listed impairment from the appendix to the regulation. *Id.* The third step requires a determination of whether the claimant has experienced "medical improvement as shown by a decrease in medical severity." *Id.* If there has been medical improvement, the inquiry moves to step four to determine whether such improvement is related to the claimant's ability to work. *Id.* If there has not been medical improvement the inquiry moves to step five to determine whether an exception is present that either (1) requires the inquiry to continue or (2) requires a finding that the disability has ended. *Id.* Step six asks whether the continuing impairments are severe and whether the claimant's residual functional capacity constitutes a severe limitation. *Id.* If the impairments are severe, step seven asks whether the claimant can perform any of his or her past work, and if not, step eight asks whether the claimant can perform any other work. *Id.*

After finding Plaintiff disabled during the period from April 27, 2012 through July 9, 2013, the ALJ used the eight-step process to determine whether Plaintiff's disability continued. AR 4128. To briefly summarize that process, the ALJ found that Plaintiff experienced medical improvement on July 10, 2013. *Id.* The ALJ determined that medical improvement related to Plaintiff's ability to work and considered his updated residual functional capacity accordingly. AR 4128–31. The ALJ determined that Plaintiff had been capable of performing his past work as a tax preparer following the improvement. AR 4131–4132. Because Plaintiff changed age category under the statute, the ALJ also considered whether he could perform other work in the national economy. *See* AR 4132–33. The ALJ cited the testimony of the vocational expert and information from the Dictionary of Occupational Titles and determined that Plaintiff could perform other work in the national economy. *Id.* Finding that Plaintiff could perform both his past work and other work in the national economy, the ALJ concluded that Plaintiff's disability ended on July 10, 2013, and he had not become disabled again since that date. AR 4133.

## II. ISSUES RAISED

Plaintiff raises four disputed issues for review by this Court. ECF No. 1 at 4–5; ECF No. 18 at 11–15.

1) Whether the ALJ's erred by considering Plaintiff's relevant past work in determining whether his disability continued;
2) Whether the ALJ properly weighed certain medical opinions;
3) Whether the ALJ's conclusion that Plaintiff maintained the residual functional capacity to perform his past work lacked substantial evidence; and
4) Whether the ALJ properly considered Plaintiff's depression.

## III. STANDARD OF REVIEW

A district court reviewing the Commissioner's decision "will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023) (citation omitted); 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, and must be more than a mere scintilla, but may be less than a preponderance." *Rounds v. Comm'r*, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and internal quotation marks omitted).

This standard is "highly deferential." *Kitchen*, 82 F.4th at 738. But the Court must evaluate the administrative record as a whole and must not affirm the Commissioner's decision by considering only isolated evidence. *See Glanden v. Kijakazi*, 86 F.4th 838, 843 (9th Cir. 2023) (citation omitted). Still, if "the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The Court also may not reverse an ALJ's decision because of a harmless error. *Id.* An error is harmless if it is "inconsequential to the ultimate nondisability determination." *Id.* at 1115 (collecting cases).

"[T]he law of the case doctrine and the rule of mandate apply to social security administrative remands from federal court in the same way they would apply to any other case." *Stacy v. Colvin*, 825 F.3d 563, 566 (9th Cir. 2016). The law of the case doctrine dictates that courts should generally not consider an issue that has already been decided by that court or a higher court in the same case. *Id.* at 567 (citing *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012)). The rule of mandate states that district courts, and ALJs in the social security context, "commit[] 'jurisdictional error' if [they] take actions that contradict the mandate" from a higher court. *See Stacy*, 825 F.3d at 568.

## IV. DISCUSSION

The Court incorporates by reference the detailed summary of Plaintiff's medical history and ALJ Levine's findings from Judge Stormes 2022 order. *Gilbert J. v. Kijakazi*, 21-CV-01284-NLS, ECF No. 17, at 3–22 (S.D. Cal. Aug. 15, 2022); AR 4412–31.

As a threshold matter, Judge Stormes remanded this matter "to the ALJ to determine whether Plaintiff is entitled to disability during a discrete time while he was being treated for and received surgery on his elbow." AR 4440 (Stormes Order). Judge Stormes clarified: "The Court finds no other error based on the issues raised in Plaintiff's motion." *Id.* Accordingly, this Court finds it inappropriate to reexamine issues that were already decided by Judge Stormes, where the analysis is unchanged. *See Stacy*, 825 F.3d at 566–67. To the extent Plaintiff is arguing that ALJ Messer weighed opinions differently this time around, to come to his disability determination for the 2012–2013 period, and that the increased weight of those opinions changes the analysis of the period after July 2013, the Court examines that possibility.

### A. The ALJ did not err by considering Plaintiff's past relevant work and other work in the national economy.

Plaintiff argues that "[t]he ALJ failed to re-compute the DLI [date last insured] based on the established period of disability." ECF No. 1 at 4; ECF No. 18 at 10. He argues that

the DLI should have been updated to June 30, 2017.[4] *Id.* "The date last insured (DLI) is the last day of the quarter a claimant meets insured status for disability or blindness. For title II Disability Insurance Benefit (DIB) claims, adjudicators cannot establish onset after the DLI." *Matthew F.*, 2022 WL 2236342, at *4 n.44 (quoting Program Operations Manual System (POMS) § DI 25501.320). Plaintiff argues that under 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 202.04, he had "attained advanced age" by his purported "updated date last insured." *See* ECF No. 18 at 10. He was 55 years old and 27 days on June 30, 2017. *See* AR 2235. 55 years old is the threshold to be in the advanced age category. 20 C.F.R. § 404.1563(e). Thus, he claims that under 20 C.F.R. § 404.1560, "[Plaintiff's] work activity as a tax preparer became legally irrelevant in April 2016." ECF No. 18 at 11. He does not explain why this would be so.

The social security regulations applicable to a case are those "existing at the time the decision was reached." *See Mines v. Sullivan*, 981 F.2d 1068, 1071 (9th Cir. 1992). The revision of 20 C.F.R. § 404.1560 that was in effect from August 24, 2012 through June 21, 2024, provided that "[p]ast relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560. Plaintiff does not explain, nor does the Court see, why Plaintiff's past relevant work would have become irrelevant under the operative regulations. *See* 20 C.F.R. § 404.1560; 20 C.F.R. § 404.130–404.132; 20 C.F.R § 404, Appendix 2, rule 202.04. To the contrary, the regulations "consider that at advanced age (age 55 or older), age significantly affects a person's ability to adjust to other work." 20 C.F.R. § 404.1563(e). Further, while the ALJ considered Plaintiff "closely approaching advanced age," ALJs are not to "apply the age categories mechanically in a borderline situation." *See* 20 C.F.R. § 404.1563(b). The ALJ does not appear to have done so here, as

---

[4] An explanation of how DLI is calculated is available in POMS. Program Operations Manual System (POMS), http://policy.ssa.gov/poms.nsf/lnx/0300301148. POMS is issued by the Social Security Administration and is persuasive authority. *Larson v. Saul*, 967 F.3d 914, 925 (9th Cir. 2020), cert. *denied sub nom. Larson v. Kijakazi*, 142 S. Ct. 896 (2022) (citation omitted).

he considered both the potential for Plaintiff to perform his past work and other jobs. *See* AR 4132.

Moreover, while the ALJ considered Plaintiff's ability to perform his past relevant work in his analysis of medical improvement, he also concluded that "[a]lthough the claimant was capable of performing past relevant work, there were other jobs existing in the national economy that he is also able to perform." AR 4132. So, having reached the same conclusion applying Plaintiff's residual functional capacity to prior work and to other jobs in the national economy, the ALJ did not commit reversible error. *See Molina*, 674 F.3d at 1115.

**B. The ALJ properly considered medical opinions in the record.**

Plaintiff argues that the ALJ failed to "properly consider terms of art from the medical evidence" from workers compensation physicians Thomas Harris, M.D., and Jeffrey Bernicker, M.D., suggesting that Plaintiff had more limitations. ECF No. 1 at 5; ECF No. 18 at 7–11. Specifically, Plaintiff takes issue with the ALJ's decision to give Dr. Harris partial weight. *See* ECF No. 18 at 7–8. Plaintiff avers that the ALJ erred in discrediting Dr. Bernicker's opinion that deferred to Dr. Harris. ECF No. 18 at 7; AR 662.

Judge Stormes previously held that "the ALJ erred in discrediting the opinions of Drs. Magshoudy, McClurg, and Harris as to Plaintiff's right arm limitations during the discrete time between April 2012 and July 2013." AR 4436 (Stormes Order). She explained that "[t]hough the ALJ may have appropriately discounted their opinions as unrepresentative of Plaintiff's condition during the whole five-year period covered by the claim, it was not appropriate to discount their opinions for the limited time from April 2012 through July 2013." *Id.* at 4438.

Plaintiff cannot again contest the weight conferred on these opinions as they relate to the period after July 2013. Judge Stormes remanded "to the ALJ to determine whether Plaintiff is entitled to disability during a discrete time[,]" and "the Court [found] no other error[.]" AR 4440 (Stormes Order). Accordingly, the law of the case doctrine applies, and this Court will not reconsider that. *See Stacy*, 825 F.3d at 566–68. Further, ALJ Messer

merely gave Dr. Harris's opinion partial weight where he found it vague as it applied to a specific issue with respect to the later period. *See* AR 4131. When considering the opinions of the treating doctors as they applied to the April 2012 to July 2013 period, the ALJ gave "all of these treating opinions controlling weight." AR 4126.

**C. The ALJ's application of Plaintiff's residual functional capacity to his past work was supported by substantial evidence.**

Plaintiff's complaint raises the claim that the "ALJ finding of the ability to perform work is not supported by substantial evidence because evidence submitted at the Appeals Council in 2021 establish that tax preparers sit 90% of the workday at the 50th percentile; establishing that [Plaintiff] cannot perform his past relevant work as it is in excess of six hours" of the workday, and he was determined to be medically limited to sitting for six hours. ECF No. 1 at 5; AR 4131. Plaintiff attempts to relitigate an issue decided by Judge Stormes with this argument. *See* AR 4432–4434 (Stormes Order). The law of the case doctrine prevents that. *See Stacy*, 825 F.3d at 566–68. The Court finds that this issue does not warrant reevaluation in the context of Judge Stormes's explanation in her order and the direction in her remand. *See Stacy*, 825 F.3d at 566–68; AR 4432–4434 (Stormes Order). Judge Stormes addressed this issue thoroughly, finding no conflict between the Dictionary of Occupational Titles and the vocational expert's testimony in the prior hearing, because the expert classified tax preparing as sedentary work, and "[t]he definition of sedentary work contemplates six hours of sitting in an eight-hour day." *See* AR 4432–4434 (Stormes Order). To the extent Plaintiff cites evidence that suggests most tax prepares sit in excess of six of eight hours, this Court does not view that as sufficient to show Plaintiff is prohibited from performing his past work, particularly in the context of the highly deferential substantial evidence standard. *See Kitchen*, 82 F.4th at 738

**D. The ALJ did not err by failing to consider Plaintiff's depression.**

Plaintiff challenges the ALJ's omission of his non-severe depression from his residual functional capacity as error. ECF No. 18 at 11–15. As above, the Court finds that this issue does not warrant reevaluation in the context of Judge Stormes's order, the

direction in her remand, and the law of the case doctrine. *See Stacy*, 825 F.3d at 566–68; AR 4440 (Stormes Order). In any event, as Defendant contends, the Court finds no requirement that Plaintiff's non-severe depression be specifically explained in the residual functional capacity context when the ALJ gave significant weight to a treating physician who found "no more than mild mental limitations." *See Bray v. Comm'r*, 554 F.3d 1219, 1228 (9th Cir. 2009); AR 4122; AR 556–82; AR 1265–70.

## V. CONCLUSION

For the foregoing reasons, the Court finds that the ALJ's decision was not legally erroneous and that his determination that Plaintiff was not disabled after the period of disability from April 27, 2012 to July 9, 2013, was supported by substantial evidence. The final decision of the Commissioner of Social Security is **AFFIRMED**. The Clerk of the Court shall enter judgment accordingly and terminate the case.

**IT IS SO ORDERED.**

Dated: August 27, 2026.

Hon. Brian J. White
United States Magistrate Judge